UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**JAYNARD QUONTELL OWENS**                                     **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 4:12CV-P106-M**

**DAVIES COUNTY DETENTION CENTER et al.**                      **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Jaynard Quontell Owens, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to continue in part.

**I. SUMMARY OF CLAIMS**

Plaintiff, a prisoner at the Daviess County Detention Center (DCDC), sues DCDC and, in their individual and official capacities, Jailer David Osborne and Major Bill Billings. He alleges that during the month of Ramadan he was fed his breakfast "whenever the officers wanted to go get my meals" and that some mornings he was not able to eat and had to wait until sundown. He further alleges that he filed multiple grievances which were not answered. He also alleges that when he complained about the problems he "was threatened to be put in the hole." Plaintiff asks for monetary, punitive, and injunctive relief.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim related to Ramadan*

The First Amendment prevents the government from prohibiting or excessively curtailing the free exercise of religion. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). Inmates do retain their rights under the First Amendment. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987).

However, Plaintiff's complaint of delay in breakfast during the period of Ramadan does not rise to a constitutional violation, even if that delay meant that he could not eat until after sundown. *Mabon v. Campbell*, Nos. 98-5468, 98-5513, 2000 WL 145177, at *3 (6th Cir. Feb. 1, 2000) (per curiam). Plaintiff does not allege that he was not able to practice his religion properly as he states that he did fast as required by his religious belief. "[A] short-term and sporadic disruption of [a prisoner's] Ramadan eating habits does not . . . allege a substantial burden on his religious freedom." *Maynard v. Hale*, No. 3:11-CV-1233, 2012 WL 3401095, at *4 (M.D. Tenn.

2

Aug. 14, 2012). Consequently, Plaintiff's claim relating to his Ramadan observance will be dismissed for failure to state a claim.

*Claim related to grievances*

Plaintiff complains that he filed multiple grievances about his Ramadan breakfasts which were not answered. An inmate grievance procedure within the prison system is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp. 114, 163 (S.D.N.Y. 1977), *aff'd sub nom*, *Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds*, *Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986); *O'Bryan v. County of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Martin v. Crall*, No. No. 3:05 CV P399 H, 2006 WL 515530, at *8 (W.D. Ky. Feb 27, 2006). In short, Plaintiff has no right to an effective grievance procedure. *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). Therefore, a failure to follow the grievance procedures does not give rise to a § 1983 claim. *Id.*; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982). Thus, Plaintiff's claim relating to his grievances must be dismissed for failure to state a claim upon which relief may be granted.

*Claim of retaliation*

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a

person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.*

Plaintiff alleges:

> I filled out or filed multiple grievances or complaints and they were never answered and I even wrote Frankfort about it. Anytime I said something to an officer I was threatened to be put in the hole. Nothing never got done about this problem. I wrote Jailor David Osborne written complaint concerning my religious beliefs. This defendant violate my United States constitutional rights to my religious in his (individual capacity) while acting under the colors of state law. I num[]erous time[s] informed him of this violation and he refused to act or investigate to correct this problem. I was threaten by him and his staff. Defendant Major Bill Billings who is head of operations was also informed in writing about this violation of my religious beliefs and practice which was not being followed. This defendant, Billing in his (individual-capacity) while acting under the colors of state law violated my United States constitutional rights of religious by his action. He was informed and was authorized to correct this violation and failed to act.

Both practicing his religion and filing non-frivolous grievances are protected conduct under the First Amendment. *See Scott v. Stone*, 254 F. App'x 469, 472 (6th Cir. 2007); *Davis v. Bard*, No. 4:05CV-P173-M, 2006 WL 2588023, at *8 (W.D. Ky. Sept. 7, 2006). "[A] transfer to administrative segregation is considered an adverse action." *Manning v. Bolden*, 25 F. App'x 269, 272 (6th Cir. 2001) (citing *Thaddeus-X*, 175 F.3d at 396). Reading Plaintiff's complaint liberally, as this Court is required to do, the Court will allow Plaintiff's retaliation to continue against Defendants Osborne and Billings in their individual capacities.

## III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claim relating to his Ramadan observance and to his grievances, as well as the claims against

Defendants in their official capacities and against DCDC. The Court will enter a Scheduling Order to govern the development of Plaintiff's claim relating to retaliation by Defendants Osborne and Billings in their individual capacities. In allowing this claim, to proceed the Court expresses no opinion as to the ultimate merit of this claim.

Date: November 9, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.009